UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL D.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. 3:19-cv-5137-RBL-TLF<br><br>REPORT AND RECOMMENDATION REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS<br><br>Noted for March 6, 2020 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge. *See Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). As discussed below, the Court should reverse and remand; because there was insufficient evidence upon which to decide that plaintiff would be able to perform his past occupation of flagger/trainer, the ALJ's decision at step four (finding that plaintiff was not disabled) must be reversed.

I.　　ISSUE FOR REVIEW

Did the ALJ commit harmful error when he found that plaintiff could perform his past relevant work?

II.　　DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520. The ALJ assesses the claimant's residual

REPORT AND RECOMMENDATION REVERSING AND
REMANDING DEFENDANT'S DECISION TO DENY
BENEFITS - 1

functional capacity ("RFC") to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "'more than a mere scintilla'" of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citations omitted).

Plaintiff argues the ALJ erred at step four by finding that plaintiff could perform his past work. The ALJ determined that plaintiff had past work as a flagger and as a

REPORT AND RECOMMENDATION REVERSING AND
REMANDING DEFENDANT'S DECISION TO DENY
BENEFITS - 2

flagger trainer. *See* AR 770. Based on testimony from vocational expert ("VE") Richard Hincks, the ALJ determined that plaintiff could perform the job of flagger trainer as it is generally performed considering his RFC. *See id.*

Plaintiff first argues the ALJ had no basis to determine how the flagger trainer job was "generally performed" because there is no code for it in the *Dictionary of Occupational Titles* ("DOT") and the VE's testimony about the job was based entirely on plaintiff's description of the job as he actually performed it. Dkt. 8, Pl. Op. Br. at 3-6. As a result, the ALJ had no basis on which to determine that plaintiff could perform his past work. *Id.*

To determine whether a claimant can perform his past work, an ALJ may consider whether the claimant can perform the functional demands and job duties of his past work "as he . . . actually performed it," or "as generally required by employers throughout the economy." Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *1-2 (Jan. 1, 1982). ALJs ordinarily look to the DOT to determine the maximum requirements of occupations as generally performed. *See* SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000). But the DOT does not contain information about all occupations. *See id.* at *2. "Information . . . about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a VE's or [vocational specialist's] experience in job placement or career counseling." *Id.*

The flagger trainer job does not have a specific DOT code. *See* AR 770. VE Hincks testified that the job of flagger trainer was most closely defined using the DOT code for flagger and adjusting the specific vocational preparation level ("SVP") to 4. AR

REPORT AND RECOMMENDATION REVERSING AND
REMANDING DEFENDANT'S DECISION TO DENY
BENEFITS - 3

787-88. VE Hincks further testified that he was relying on his work experience, which included observing people in the flagger trainer job, to opine as to whether plaintiff could perform that job as it was generally performed. *See* AR 789-90, 794, 796.

Although the record does not contain a detailed description of how the flagger trainer job is generally performed, the VE provided an adequate basis for his knowledge of how the job is generally performed and provided an adequate basis for testifying that plaintiff could perform the job as it is generally performed. *Cf. Biestek v. Berryhill*, 139 S. Ct. 1148, 1152-53 (2019) (vocational experts are expected to have current knowledge of the working conditions and physical demands of various jobs and may rely on their own experience in job placement or career counseling when testifying). The ALJ thus had an adequate basis for determining how the flagger trainer job was generally performed and did not err in this respect.

Plaintiff next argues he could not physically perform the job of flagger trainer because he could only stand for two hours a day. Dkt. 8, Pl. Op. Br. at 7. The ALJ found that plaintiff could stand and walk for a combined total of two to four hours in an eight-hour work day. AR 766. The VE testified that plaintiff could perform the flagger trainer job as generally performed if he was limited to standing and walking two to four hours, but not if he was limited to only two hours a day. AR 789, 796. Plaintiff argues that the ALJ's use of a range of time meant that there were times when plaintiff could only stand for two hours, which would not meet the requirements for the flagger trainer job. *See* Pl. Op. Br. at 7. The undersigned agrees, as otherwise there would be little purpose in defining plaintiff's limitations in terms of that range. *Cf.* SSR 96-8p, 1996 WL 374184, at

REPORT AND RECOMMENDATION REVERSING AND
REMANDING DEFENDANT'S DECISION TO DENY
BENEFITS - 4

*1 (July 2, 1996) (noting that the "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*").

Therefore the VE's testimony was internally inconsistent: it does not make logical sense that plaintiff would maintain the ability to perform this job if he was limited to standing for anywhere from two to four hours, yet also lack the ability to perform the same job if he was limited to standing for only two hours. The VE's testimony could not support a finding either way as to whether plaintiff could physically perform the flagger trainer job. As a result, the ALJ lacked a substantial evidentiary basis for finding that plaintiff could perform his past work as a flagger trainer. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (finding error at step four where the ALJ "relied on her own speculation and the VE's brief and indefinite testimony").

Plaintiff argues he did not meet the SVP for the flagger trainer job. Pl. Op. Br. at 8. The SVP is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *DOT*, Appendix C, 1991 WL 688702 (4th ed., rev. 1991). An SVP level 4 means the individual has over three months and up to six months of experience learning the job. *Id.*

The ALJ erred in finding that plaintiff met the SVP because the record is ambiguous and the ALJ made no specific findings stating how he addressed those ambiguities. It is uncontested that the VE used the wrong definition of SVP 4; the VE testified that he was defining SVP 4 as requiring 30 to 90 days of experience. *See* AR 796, *See* Pl. Op. Br. at 8; Def. Resp. Br. (Dkt. # 12) at 5. Thus, the record lacks VE testimony supporting the ALJ's finding that plaintiff met the actual SVP of his past work.

REPORT AND RECOMMENDATION REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS - 5

Also, the record contains conflicting information as to how long plaintiff performed the training portion of the flagger trainer job. Plaintiff testified at the most recent hearing that the training portion of his flagger trainer job involved classroom and on-the-job training. *See* AR 790-91. He testified that the teaching portion of the job was not full-time, and that he spent about two hours per week teaching in the classroom. AR 791. He spent additional time teaching on the jobsite, which could be five to six hours in a day. *See* AR 791-92. Plaintiff testified that he was in this position for three to four months. *See* AR 790-91. But plaintiff testified at the first hearing in 2013 that he had worked in the training capacity for four to five months. *See* AR 64-66. Plaintiff explained that he could not recall details about his previous work, because he suffers from memory loss due to his medical conditions. AR 783-84.

The ALJ did not indicate how he resolved this evidentiary conflict, so the undersigned cannot determine whether the VE's testimony—if considered in light of the correct SVP—supports the ALJ's finding that plaintiff met the SVP for flagger trainer. *See* AR 770. The VE indicated that plaintiff met the SVP for his flagger trainer job, but also testified that if plaintiff had only performed the classroom portion of the flagger trainer job for two hours per week for three to four months, then he would not meet the SVP for the flagger trainer job. *See* AR 788-89, 796-97.

Because the ALJ did not make an express determination of how much time plaintiff spent performing the functions of the flagger trainer job, the undersigned cannot determine whether the VE's testimony establishes that plaintiff met the SVP for his past work. The ALJ consequently erred in finding that plaintiff could perform his past work. *See Revels,* 874 F.3d at 654.

REPORT AND RECOMMENDATION REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS - 6

A. <u>Harmless Error</u>

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

The ALJ's errors here must be considered harmful. The VE's testimony was inconsistent as to whether plaintiff could physically perform work when he was limited to standing and walking for two hours in a normal day. The ALJ must resolve this ambiguity before a finding of disability or nondisability can be made. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.").

Moreover, the ALJ did not indicate how long he determined plaintiff performed his past work as a flagger trainer, and the VE's testimony, which was based on an incorrect definition of SVP 4, indicated that plaintiff would not meet the SVP if he had only performed the classroom portion of the flagger trainer job for two hours per week for three to four months. *See* AR 770, 796-97. The ALJ's determination depends on a finding that plaintiff can perform his past work, and because that finding is not supported by substantial evidence, the nondisability determination cannot stand.

B. <u>Remand with Instructions for Further Proceedings</u>

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Leon*, 880 F.3d at 1045. First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison*, 759 F.3d at 1020). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

REPORT AND RECOMMENDATION REVERSING AND
REMANDING DEFENDANT'S DECISION TO DENY
BENEFITS - 8

The appropriate remedy here is to remand for further administrative proceedings. The record does not establish whether plaintiff could perform his past work as it is generally performed. The VE's testimony was conflicting as to whether plaintiff could perform his past work if limited to standing and walking for two hours in a normal work day. The VE's testimony was also based on an incorrect SVP, and the evidence does not establish whether plaintiff met the correct SVP. On remand, the ALJ shall determine whether plaintiff could physically perform the flagger trainer job given his standing and walking restrictions, how much time plaintiff spent working as a flagger trainer, how much time he spent performing the training portion of that job, and whether plaintiff met the SVP for flagger trainer.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly determined plaintiff to be not disabled, and therefore that it reverse the ALJ's decision and remand this matter for further administrative proceedings.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **March 6, 2020**, as noted in the caption.

Dated this 18th day of February, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge